**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIE GLOVER, JR.,

      Plaintiff,

v.                                                Case No. 3:18-cv-427-BJD-JRK

CARLOS DEL TORO, Secretary
of the Navy,[1]

      Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. No. 67; "Motion"), filed May 24, 2021, in which Plaintiff seeks to strike all affirmative defenses set forth in Defendant's Answer and Affirmative Defenses (Doc. No. 66), filed May 4, 2021. Defendant opposes the Motion. See Defendant's Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 68; "Response"), filed June 8, 2021.

Rule 12(f), Federal Rules of Civil Procedure ("Rule(s)"), grants the Court the authority to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.

---

[1] The Honorable Carlos Del Toro became the Secretary of the Navy on August 9, 2021. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Secretary Del Torro is substituted for Thomas Harker as Defendant in this suit.

12(f). However, "'[a] motion to strike is a drastic remedy' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., 306 F.2d 862, 868 (5th Cir. 1962);[2] citing Poston v. American President Lines Ltd., 452 F. Supp. 586, 570 (S.D. Fla. 1978)).

Rule 8 governs the pleading of affirmative defenses. "An affirmative defense has been described as '[a]ny matter that does not tend to controvert the opposing party's prima facie case as determined by the applicable substantive law.'" Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) (quoting 2A J. Moore, Moore's Federal Practice ¶ 8.27[3] (2d ed. 1985)). "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives [the] plaintiff fair notice of the nature of the defense." Harvey v. Lake Buena Vista Resort, LLC, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008) (internal quotations and citation omitted); see also Smith v. Beasley, No. 3:10-cv-317-TJC-JBT, 2011 WL 3961823, at *2 (M.D. Fla. Sept. 8, 2011) (unpublished); Fed. R. Civ. P. 8

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(requiring "a short and plain statement" which is "simple, concise, and direct"). When a party mislabels a negative averment as an affirmative defense rather than a specific denial, "the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." Bartram, LLC v. Landmark Am. Ins. Co., No. 1:10-cv-28-SPM/GRJ, 2010 WL 4736836, at *2 (N.D. Fla. Nov. 16, 2010) (citations omitted).

The undersigned concludes the Motion is due to be denied in part and deemed moot in part. The undersigned finds the affirmative defenses are specific enough to give Plaintiff fair notice of the defenses. See Harvey, 568 F. Supp. 2d at 1360. They are also adequate under the notice pleading requirements of the Rules. See Fed. R. Civ. P. 8. Finally, they do not raise any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Regarding Defendant's seventh affirmative defense, Defendant "recognizes" that this defense does not apply to age discrimination claims and Plaintiff's retaliations claims were previously dismissed. Response at 11; see also Order (Doc. No. 65), entered April 5, 2021 (dismissing Plaintiff's claims that were premised on retaliation or reprisal). Defendant withdrew its portion of the defense that was aimed at Plaintiff's age and retaliation claims, see Response at 11, and the Motion is deemed moot to that extent. Additionally, Defendant states that its eighth affirmative defense is "most accurately

described as a specific denial, rather than an affirmative defense." Id. at 12. Because "the proper remedy is not to strike the claim," the Court will construe this defense as a specific denial. See Bartram, LLC, 2010 WL 4736836, at *2. After due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. No. 67) is **DENIED in part and DEEMED moot in part**.

2. The Motion is **DEEMED moot** to the extent that Defendant withdrew its seventh affirmative defense aimed at Plaintiff's age and retaliation claims.

3. Otherwise, the Motion is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on October 6, 2021.

JAMES R. KLINDT
United States Magistrate Judge

keh
Copies to:
Counsel of Record
Pro se party